FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 OCT -7 P 1:57

CLERK_____
SO. DIST. OF GA

SEAN KEVIN DANIELS,

        Plaintiff,

v.

FNU BAKER; ROBERT TOOLE;
LARRY BROTON; BRIAN OWEN;
BRUCE CHATMAN; FNU GORDON;
FNU JOHNSON; FNU KENNEDY;
FNU CRAPPS; LARRY WADE;
FNU SMITH; and FNU BRADY.

        Defendants.

CIVIL ACTION NO.: CV613-079

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding against employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion thereof that is frivolous, malicious, fails to state a claim upon

AO 72A
(Rev. 8/82)

which relief may be granted, or seeks monetary damages from a defendant who is immune to such relief. 28 U.S.C. § 1915A (b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that there was a fire in his dormitory, and Defendant Baker poured water under his door and sprayed the fire extinguisher in his door. Plaintiff also contends that, when he asked for medical attention, his requests were ignored. Plaintiff asserts that Defendants Gordon, Johnson, and Kennedy came into the dormitory to sign their time sheets, and he banged on the door to no avail. Plaintiff alleges that he later asked Defendant Crapps why he was left in the cell with the smoke and water, and Defendant Crapps said he would have left Plaintiff in the cell, too. Plaintiff also alleges that Defendant Gordon told him that he and the other officers forgot he was in the cell.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard embodies the principle requiring prison officials to provide inmates with humane conditions of confinement.

2

Farmer v. Brennan, 511 U.S. 825, 832 (1994). Plaintiff fails to set forth sufficient facts to set forth a plausible claim that Defendants Baker, Gordon, Johnson, Kennedy, or Crapps violated this duty.

The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d

3

1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327. Plaintiff has failed to show that he had any medical need and that Defendants Baker, Gordon, Johnson, Kennedy, or Crapps were deliberately indifferent to that need. Plaintiff's Eighth Amendment claims against Defendants Baker, Gordon, Johnson, Kennedy, and Crapps should be **DISMISSED**.

Plaintiff also names Warden Robert Toole, Unit Manager Larry Brewton, Commissioner Brian Owens, Warden Bruce Chatman, Larry Wade, Captain Smith, and Captain Brady as Defendants. However, Plaintiff makes no factual allegations against these named Defendants. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff fails to make this basic showing, and his claims against Defendants Toole, Brewton, Owens, Chatman, Wade, Smith, and Brady should be **DISMISSED**.

In addition, it appears Plaintiff seeks to hold Defendants Toole, Brewton, Owens, Chatman, Wade, Smith, and Brady liable based solely on their supervisory positions. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797,

4

801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. As Plaintiff has failed to make this basic showing, his claims against Defendants Toole, Brewton, Owens, Chatman, Wade, Smith, and Brady should be **DISMISSED** for this reason, as well.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this _____ day of October, 2013.


JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)